# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| LaROY JONATHAN CLOYD, ) | |
| ) | |
| PLAINTIFF, ) | No. 3:12-0882 |
| ) | Judge Trauger/Brown |
| v. ) | |
| ) | |
| BRUCE HELMS, et al., ) | |
| ) | |
| DEFENDANTS. ) | |

To: The Honorable Judge Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

For the reasons explained herein, the Magistrate Judge **RECOMMENDS** that the motion to dismiss filed by Bruce Helms (DE 22) be **GRANTED**, that this action be **DISMISSED** with prejudice, that this be considered the final judgment in this case, and that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

### I. Background and Procedural History

The plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Davidson County Criminal Justice Center (CJC) in Nashville, Tennessee (DE 1, p. 2). On August 28, 2012, the plaintiff filed his complaint for violation of civil rights under 42 U.S.C. § 1983 against Bruce Helms, a Chaplin at the CJC, and against the Davidson County Sheriff's Department (the Department) (DE 1). The Court previously dismissed the claim against the Department (DE 3, pp. 2-3).

In the plaintiff's complaint, he alleged that, on July 25, 2012, he gave both verbal and written requests to be placed on "Ramadon and Halal (Kosha) diets" (the diet) to a case manager (C.M.) by the name of f/n/u Dixon (C.M. Dixon) (DE 1, p. 3). The plaintiff alleged that C.M.

Dixon told him that he sent the request to defendant Helms by email (DE 1, p. 3). The plaintiff alleged that he met with defendant Helms on August 08, 2012, informed defendant Helms that he was a member of the Moorish Science Temple of America, and requested the diet (DE 1, p. 3). The plaintiff alleged that, on August 13, 2012, defendant Helms informed the plaintiff of difficulty securing the diet because the plaintiff had a carrot allergy restriction and the CJC computer system would not easily recognize another restriction (DE 1, p. 3). The plaintiff alleged that he did not receive the diet until August 20, 2012, at which time Ramadan had passed[1] (DE 1, p. 4). The plaintiff alleged that after he began receiving the diet, his meals still had carrots in them (DE 1, p. 5). The plaintiff seeks: $28,000; apologies; cancelation of a debt; and release (DE 1, p. 4).

On August 31, 2012, this action was referred to the Magistrate Judge "to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under [Federal Rule of Civil Procedure (FRCP)] 72(b)…and the Local Rules of Court." (DE 3, p. 3).

The Court subsequently received a letter dated September 20, 2012, in which the plaintiff described his carrot allergy and alleged that ABL Food Service (ABL) mixed carrots in his meals (DE 6, p. 1). In an order dated October 16, 2012, the Magistrate Judge instructed the plaintiff to send correspondence in the form of a motion, and noted the plaintiff's stated intent to file a complaint against ABL (DE 9, pp. 1-2).[2]

---

1 Islamic Center of America, *Ramadan 2012 Calendar*, http://www.icofa.com/prayertimes/ramadan.pdf (In 2012, Ramandan took place from July 20 to August 18.).
2 On October 22, 2012, the plaintiff filed a complaint under 42 U.S.C. § 1983 against ABL and other defendants, and the case was dismissed for failure to state a claim. *Cloyd v. Dulin*, No. 3:12–cv–1088 (M.D. Tenn. Nov. 30, 2012).

On December 07, 2012, defendant Helms filed the motion to dismiss (DE 22) and memorandum in support of the motion (DE 23) pursuant to FRCP 12(b)(6).

On December 14, 2012, the Magistrate Judge again ordered the plaintiff to send correspondence in the form of a motion, reminded the plaintiff that claims against ABL were not part of this action, and ordered the plaintiff to respond to the defendant's motion to dismiss by January 4, 2013 (DE 27, pp. 2-3). Despite being given an extra week to respond to the motion to dismiss[3] (DE 27, p. 3), the plaintiff never did. Instead of filing a response to the motion to dismiss, the plaintiff continued to send additional letters and enclosures to the Court in March and April, in which he failed to address the arguments in the motion to dismiss and failed to allege any facts pertaining to defendant Helms (DE 31; DE 36).

The defendant's motion to dismiss is now properly before the court.

## II. Analysis

### A. Standard of Review

The Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FRCP 12(b)(6). FRCP 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief….'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). However, the claim must cross "the line from conceivable to plausible." *Bell Atl. Corp.*, 550 U.S. at 570. "Threadbare recitals of the elements of a cause of action…do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). To be clear, "Rule 12(b)(6) does not countenance...dismissals based on a judge's disbelief of a complaint's factual allegations." *Bell Atl. Corp*. at 556 (quoting *Neitzke v. Williams,* 490 U.S. 319, 327 (1989). Instead, the Court "must view the complaint in the light most favorable to the

---

3 M.D. TN. L.R. 16.01(f)(1)(c)(2) ("Unless another deadline is set by the case management judge in the order or thereafter by the District Judge, the party opposing a dispositive motion has fourteen (14) days in which to file a response to a motion to dismiss.").

plaintiff…" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009), and "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft*, 556 U.S. at 679. A complaint will survive a motion to dismiss if it includes: (1) facts to support a plausible claim; (2) more than a recital of elements of a cause of action; and (3) facts that, taken as true, raise the right to relief above the level of speculation. *Bell Atl. Corp.* at 555, 570.

When a plaintiff is *pro se*, the Court will review the plaintiff's pleadings under "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Still, "even *pro se* complaints must satisfy basic pleading requirements." *Dallas v. Holmes*, 137 F. App'x 746, 750 (6th Cir. 2005).

### B.    Claims

The defendant's motion to dismiss states the following arguments: (1) the plaintiff did not have any personal involvement in any deprivation of the plaintiff's rights; (2) the defendant's actions did not substantially burden the plaintiff's religious beliefs; (3) the plaintiff failed to exhaust all administrative remedies; and (4) the defendant is entitled to qualified immunity (DE 23, pp. 4-12). Since the first argument is dispositive, the Magistrate Judge does not need to address the others.

#### 1.    Whether the Defendant Deprived the Plaintiff of a Right

The defendant argues that he did not have any personal involvement in the alleged deprivation of the plaintiff's rights (DE 23, pp. 5-7).

A plaintiff who brings a § 1983 claim must (1) allege "the violation of a right secured by the Constitution and laws of the United States;" and (2) "show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *Phillips v. Roane Cnty., Tenn.,* 534 F.3d 531, 538 (6th Cir. 2008).

The record shows that the plaintiff alleges the violation of his freedom of religion, secured by the First Amendment[4] (DE 1, p. 5). He alleges a delay in receiving the diet and subsequent inability to eat his meals because of the presence of carrots: "I didn't receive my diet until August 20th, 2012. I missed my religious holiday and the Ramadon feast. Since I've been on the Halal Kosha diet I have received...carrots mixed with [the] main course...." (DE 1, p. 5). The record shows no dispute over the defendant's role as a state actor and the Sixth Circuit has held that a chaplain in a state prison is a state actor. *Phelps v. Dunn,* 965 F.2d 93, 102 (6th Cir.1992). However, the plaintiff fails to show, or even allege, that the defendant committed or was responsible for the alleged deprivation, as required in a § 1983 claim.

The record demonstrates that the plaintiff fails to show that the defendant denied the plaintiff's request for the diet, delayed the plaintiff's receipt of the diet, or was involved with the presence of carrots in the plaintiff's meals. The complaint mentions the defendant only six times:

> (1) "On July 25th, 2012, I put in both verbal and written request to be placed on Ramadon and Halal (Kosha) diets for my religious holiday to C.M. Dixon. Five days later, I asked C.M. Dixon about my Ramadon and Halal (Kosha) diet. C.M. Dixon stated that 'LaRoy *I emailed him Chaplin Bruce Helms and he told me not to send him anymore Ramadon or Kosha requests, you know we can't do it more only the Chaplain can.*' I gave C.M. Dixon these documents to be notarized on August 07, 2012. I did not receive them back until August 09th, 2012."

(DE 1, p. 3) (emphasis added). (2) "C.M. Dixon kept my documents two days to get them notarized. ***She notified Chaplin Helms. This is why I was released from segregation 3 days early***, it's never happen before." (DE 1, p. 5) (emphasis added). (3) "On August 08, 2012, Chaplin Helms came to my cell and stated 'write down what you are'…I wrote Member of the

---

4 U.S. CONST. amend. I.

Moorish Science Temple of America;" (4) "Chaplin Helms stated '*ok give me a couple of days*;'" (5) "On August 13, 2012, Chaplin Helms called me out to discuss the M.S.T of A. and Chaplin Helms gave me 7 computer print offs...'*I'll put you on it*;'" (6) "On August 15, 2012, Chaplin Helms stated 'you're on allergy diet, two diets can't go into the computer, it won't take, *let me see what I can do*.'" (DE 1, pp. 3-4) (emphasis added). The plaintiff mentions the defendant once more in a letter by writing "[y]ou send copies to Bruce Helms," asking why the defendant receives copies of case documents (DE 36, p. 1)

    The record demonstrates that the plaintiff fails to show that the defendant denied the plaintiff's request for the diet. Taken alone, the first statement above could be broadly construed as some level of involvement by the defendant in the alleged deprivation of the plaintiff's right. However, even taking this statement as true, and considering it in the light most favorable to the plaintiff, it alone does not support a plausible claim that the defendant committed the alleged deprivation. It shows that the defendant informed C.M. Dixon not to send him more diet requests. However, the statement shows no more. When the statement is considered with the other statements pertaining to the defendant, the statements do not show that the defendant committed or was responsible for the alleged deprivation. The context of the second statement is not entirely clear from the record. However, the other statements are clear, and show that the plaintiff acknowledges that the defendant worked to procure the diet.

    The record demonstrates that the plaintiff fails to show that the defendant delayed the plaintiff's receipt of the diet. In 2012, Ramandan took place from July 20 to August 18.[5] The defendant did not receive the diet until August 20, 2012, missing Ramadan by two days. However, the plaintiff had not requested to be placed on the diet until July 25th, 2012 (DE 1, p. 3), five days after the start of Ramadan. The plaintiff waited another five days to follow-up with

---

5 *See supra* note 1.

C.M. Dixon about the request (DE 1, p.3), which would be approximately August 01, 2012. The plaintiff met with the defendant on August 08th, 2012 (DE 1, p. 3), at which time the defendant told the plaintiff to "*give me a couple of days*." (DE 1, p. 3) (emphasis added). Subsequently, the defendant became aware of the complication with the CJC computer system that tracked allergy and diet restrictions, worked to ensure that both the plaintiff's allergy and diet restrictions were accommodated, and communicated with the plaintiff about the status of the request (DE 1, p. 3). The delay may have resulted from multiple factors, including the plaintiff's delay in requesting the diet, his delayed follow up, and the problem with the computer system. "The failure to provide [p]laintiff proper meals during Ramadan may very well have been the result of 'bureaucratic errors' and/or a 'bureaucratic bungling.'" *Maynard v. Hale*, 3:11-1233, 2012 WL 1977947 (M.D. Tenn. June 1, 2012). However, the record does not show that the defendant deliberately delayed the plaintiff's receipt of the diet, and the plaintiff does not even allege as such.

The plaintiff fails to show that the defendant was involved with the presence of carrots in the plaintiff's meals. From a reading of the complaint and the plaintiff's letters, the plaintiff more directly accuses ABL of wrongdoing (DE 1; DE 6; DE 21). However, the plaintiff never attempted to add ABL as a defendant in this case. The Magistrate Judge pointed out that ABL was not a defendant in the case in two orders (DE 9, p. 1; DE 27, p. 2), On October 22, 2012, after receiving the Magistrate Judge's first order (DE 9), the plaintiff did file a separate complaint against an ABL supervisor and other defendants. *Cloyd v. Dulin*, No. 3:12–cv–1088 (M.D. Tenn. Nov. 30, 2012).

Since the plaintiff never responded to the defendant's motion to dismiss, the plaintiff is deemed not to object to the arguments therein.

The plaintiff fails to state a claim under § 1983, even under the less stringent standard for *pro se* plaintiffs, because he fails to show that the defendant committed the alleged deprivation of his rights, either by interfering with the receipt of the diet or by being involved with the presence of carrots in the meals. Since the plaintiff's factual allegations fail to support a plausible claim, the complaint cannot withstand the motion to dismiss pursuant to FRCP 12(b)(6).

### III.     Conclusion

For the reasons explained above, the plaintiff's complaint cannot withstand the defendant's motion to dismiss pursuant to FRCP 12(b)(6).

### IV.     Recommendation

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that the defendant's motion to dismiss (DE 22) be **GRANTED**, that this action be **DISMISSED** with prejudice, that this be considered the final judgment in this case, and that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

Under FRCP 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. *Thomas v. Arn*, 474 U.S. 140 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 19th day of June, 2013

/s/Joe. B. Brown  
Joe B. Brown  
United States Magistrate Judge